# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **ROBERT J. LENNON, JR.,** | : | **CIVIL ACTION NO. 1:09-CV-0180** |
| **Plaintiff** | : | **(Judge Conner)** |
| v. | : | |
| **PENN WASTE, INC.,** *et al.*, | : | |
| **Defendant** | : | |

## **ORDER**

AND NOW, this 7th day of October, 2009, upon consideration of the report of the magistrate judge (Doc. 16), to which no objections were filed, and which recommends that plaintiff's complaint be dismissed in part, and, following an independent review of the record, it appearing that plaintiff's claims for false light invasion of privacy and extortion fail to state a claim upon which relief may be

granted,[1, 2] see FED. R. CIV. P. 12(b)(6), but that plaintiff adequately states claims arising under the Fair Debt Collection Practices Act ("FDCPA"),[3] as well as a claim

---

[1] The tort of false light invasion of privacy requires proof of "publicity, given to private facts, which would be highly offensive to a reasonable person and which are not of legitimate concern to the public." See Rush v. Phila. Newspapers, Inc., 732 A.2d 648, 654 (Pa. Super. Ct. 1999). Plaintiff's complaint alleges that defendant Penn Waste, Inc. reported his delinquent payment to multiple credit agencies, and in so doing injured plaintiff's credit score. However, dissemination of credit information to selected credit agencies does not amount to the level of publicity required to constitute a false light invasion of privacy tort. See Gagliardi v. Experien Info. Solutions, Inc., No. 8-892, 2009 WL 365647, at *5 (W.D. Pa. Feb. 12, 2009) (explaining that defendant's disclosure of information to three credit agencies did not constitute "widespread dissemination" of plaintiff's private information); see also Gregory v. Saks & Co., No. 85-1853, 1986 WL 10666, at *4 (E.D. Pa. Sept. 26, 1986).

[2] Although extortion is a criminal offense, it is not a cognizable civil cause of action in either Pennsylvania or New Mexico, where plaintiff currently resides. See Saferstein v. Paul, Mardinly, Durham, James, Flandreau & Rodger, P.C., No. 96-4488, 1997 WL 102521, at *5 (E.D. Pa. Feb. 28, 1997) (noting that there is no viable civil cause of action for extortion in Pennsylvania); Lopez v. Garcia, 1 F. Supp. 2d 1404, 1406 (D.N.M. 1997) (explaining that there is no civil cause of action for extortion in New Mexico). Thus, regardless of which state's law applies, (see Doc. 16 at 15-17 (discussing choice of law analysis)), plaintiff's extortion claim is not cognizable.

[3] Plaintiff's complaint alleges that defendants first began attempts to collect on a debt in August 2005, and that those attempts continued until as recently as December 2008. (See Doc. 1 at 5-6.) The magistrate judge's report recommends that all claims based on events pre-dating January 2008 be dismissed as time-barred by the statute of limitations. (See Doc. 16 at 18-22.) While the statute of limitations for FDCPA claims expires one year from the date of violation, see 15 U.S.C. § 1692k(d), the limitations period may be tolled when an FDCPA claim presents a continuing violation. See Tucker v. Mann Bracken, LLC, No. 08-1677, 2009 WL 151669, at *3 (M.D. Pa. Jan. 21, 2009) (Rambo, J.). In Tucker, the defendant sought to dismiss an FDCPA claim because the initial violation occurred more than one year before the plaintiff filed his complaint. The court denied defendant's motion to dismiss, however, holding that "a continuing violation theory may be applied to FDCPA claims" when such claims stem from a pattern of repeated conduct, some of which falls outside the technical limitations period. Id. In the instant matter, as in Tucker, plaintiff's FDCPA claims rest on a continuing pattern of behavior by defendants, and the court finds that dismissal on statute of limitations grounds is premature at this juncture. See Robinson v. Johnson, 313 F.3d 128, 135 (3d Cir. 2002) ("If the [limitations] bar is not apparent on the face of the complaint, then it may not afford the basis for a dismissal of the complaint

for negligence and unjust enrichment, (see Doc. 16 at 22-25, 28-31), it is hereby

ORDERED that:

1. The report and recommendation of the magistrate judge (Doc. 16) is ADOPTED in part and REJECTED in part as follows:

    a. The report and recommendation is ADOPTED insofar as it recommends dismissal of plaintiff's false light invasion of privacy and extortion claims. Leave to amend plaintiff's false light invasion of privacy claim is granted. Leave to amend plaintiff's claim for extortion is denied as futile. See Grayson v. Mayview State Hosp., 293 F.3d 103, 108 (3d Cir. 2002).

    b. The report is ADOPTED insofar as it recommends that the court deny the motion to dismiss plaintiff's negligence claim, and insofar as it denies defendant's motion for a more definite statement under Federal Rule of Civil Procedure 12(e).

    c. The report and recommendation is REJECTED insofar as it recommends that plaintiff's FDCPA claims be limited solely to those arising after January 28, 2008.

2. Plaintiff shall file an amended complaint in accordance with Paragraph 1 of this order on or before October 28, 2009.

3. The above-captioned matter is REMANDED to the magistrate judge for further proceedings in accordance with this order.

    S/ Christopher C. Conner
CHRISTOPHER C. CONNER
United States District Judge

---

under Rule 12(b)(6)" (quoting Bethel v. Jendoco Constr. Corp., 570 F.2d 1168, 1174 (3d Cir. 1978))).